People of the State of Illinois ex rel. Estelle Klee et al., Appellees, v. Edward J. Kelly, Mayor of the City of Chicago, et al., Appellants.

Gen. No. 41,417.

Opinion filed March 11, 1941.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

MASON & MASON, GEORGE A. MASON and ISAAC B. LIPSON, all of Chicago, for appellees; GEORGE A. MASON, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the above cause the respondents appeal from a judgment entered against them in a suit for mandamus. By an order of this court *People ex rel. Salomon v. Kelly,* Gen. No. 41,418, 309 Ill. App. 133 (Abst.); *People ex rel. Clennon v. Kelly,* Gen. No. 41,419, 309 Ill. App. 133 (Abst.); *People ex rel. Gallachio v. Kelly,* Gen. No. 41,420, 309 Ill. App. 133 (Abst.), and *People ex rel. Keeler v. Kelly,* Gen. No. 41,480, 309 Ill. App. 133 (Abst.), were consolidated for hearing with the instant case, entitled *People ex rel. Klee v. Kelly,* Gen. No. 41,417, 309 Ill. App. 72. In the order of consolidation it was provided that the abstracts and briefs filed in the *Klee* case should also stand as the abstracts and briefs in each of the other cases. Counsel for petitioners in the *Keeler* case filed a separate brief. It is conceded that the legal issues are the same in all of the five cases and that the respective judgments must all stand or fall together. The facts in the cases differ only in respect to the names of the parties, the amounts of the judgments involved and the dates they were entered. In each of the five cases the relators filed a petition for a writ of mandamus to compel the payment of a certain judgment rendered against the City of Chicago.

The respondents in the *Klee* case contend that the

court erred in entering a judgment against them and in favor of the petitioners ordering the respondents to ''pay to the petitioners from the available cash in the Judgment Bond Fund of the City of Chicago the sum of $22,039.26 upon a judgment in condemnation proceedings entered July 26, 1927, in favor of Max Klee and Simon Klee in the amount of $147,201.'' It seems clear to us that this contention is a meritorious one.

The petition was filed on April 22, 1940. It alleges, *inter alia,* that on February 1, 1921, the City of Chicago filed its petition in the circuit court of Cook county to condemn for public street purposes certain land and the improvements thereon, that belonged to plaintiffs' predecessors in title, and that on July 26, 1927, a judgment was entered finding the just compensation to be paid for said property to be $200,000; that after deducting certain benefits levied and confirmed against the remainder of the property judgment was entered in the sum of $147,201, which was paid on July 24, 1930; that on September 28, 1933, a complaint at law was filed in the circuit court by Simon Klee and Max Klee, petitioners' predecessors in title, against the said City, to recover judgment for the unpaid interest due upon the aforesaid condemnation judgment, and that on February 27, 1940, a judgment was entered in favor of the petitioners and against the City in the sum of $22,039.26, together with costs in the sum of $17.50; that the petitioners are now the owners of said judgment, which remains in full force and effect; that petitioners have made a written demand for the immediate payment of said judgment, and that the City has refused and still refuses to pay the said judgment. The petition contains a number of allegations in respect to various appropriations and funds of the City, but the only material one relates to the Judgment Funding Bond Fund, out of which the trial court ordered the interest which had accrued on the said condemnation judgment from July 26, 1927, the date of the

judgment, to July 24, 1930, the date of the payment of the judgment, amounting to $22,039.26, paid. The petition alleges that in the annual appropriation bill of the City for the year 1940 the city council appropriated the sum of $1,090,000 for payment of principal and interest on judgments entered against the City prior to April 1, 1931. *The petition prayed that the court issue a writ of mandamus directing the City to pay to petitioners the amount of the judgment of February 27, 1940.*

Respondents deny, *inter alia,* that there are sufficient moneys in the Judgment Tax Fund to pay petitioners' judgment, and they set up that there are judgments against the City that were entered prior to the entry of petitioners' judgment "in an aggregate amount in excess of $2,500,000;" that there is now on hand in the Judgment Tax Fund the sum of $83,572.50. The judgment order in the instant cause recites that petitioners, by leave of court, withdrew their claims for payment out of any funds other than the proceeds of the Judgment Funding Bond Fund.

Paragraph 33 of respondents' answer reads as follows:

"33. Respondents further aver that with respect to the Judgment Funding Bond Fund concerning which allegations are made in paragraphs 16, 19 and 20, respondents say that there is now on hand in cash in said fund the sum of $5,846.37. The amount of unissued authorized bonds in said fund amounts to $1,064,000.00. Respondents aver that said cash in said Judgment Funding Bond Fund and any proceeds from the sale of authorized bonds when issued and sold are not applicable for the payment of petitioners' judgment for the reason that the petitioners' judgment was not yet entered at the time of the passage of the ordinance authorizing the issue of judgment funding bonds, and the statute in such case made and provided authorizes the funding of existing judgments only as will more fully hereafter appear. Section 6 of article

V of the Cities and Villages Act of the State of Illinois (Illinois Revised Statutes, 1939, chapter 24, section 65.5) provides that the city council of cities shall have the power 'To issue bonds in place of maturing bonds or judgment debts, or to supply means to meet the same, or for the consolidation or funding of the same.'

"On December 21, 1936, the City Council of the City of Chicago pursuant to the power granted by the statute aforesaid passed an ordinance authorizing the issuance of $12,349,000.00 judgment funding bonds of the City of Chicago. The said ordinance reads in part as follows:

" 'ORDINANCE

" 'Authorizing the issuance of $12,349,000.00 Judgment Bonds of the City of Chicago and providing for the levy of taxes for the payment thereof.

" 'Whereas, as disclosed from courts of record of the State of Illinois, from time to time prior to April 1, 1931, judgments have been rendered against the City of Chicago and as of December 1, 1936, the principal of said judgments in the amount of not less than $8,685,721 with interest thereon at the rate of five per cent per annum is unpaid; . . .

" 'Be it Ordained by the City Council of the City of Chicago:

" 'Section 1. It is hereby found and determined that of the several judgments against the City of Chicago rendered prior to April 1, 1931, and referred to in the preamble hereof, there are judgments evidencing valid and unconditional obligations against the City of Chicago for the payment of money in the principal amount of $8,685,721, and that interest upon said judgments at the rate of five per cent (5%) per annum computed to February 1, 1937, being the date when it is proposed that all of said judgments shall have been paid and satisfied, aggregates $3,663,279, totaling a judgment indebtedness for money against the City of·

Chicago in the sum of $12,349,000, all of which is unpaid and constitutes a legal indebtedness of the City of Chicago.

" 'Section 2.   For the purpose of paying said judgments rendered prior to April 1, 1931, and interest thereon at the rate of five per cent per annum computed to February 1, 1937, being the date when it is proposed that all of said judgments shall have been paid and satisfied, aggregating the sum of $12,349,000, there are hereby authorized to be issued bonds of the City of Chicago in the principal amount of $12,349,000.

. . .

" 'Section 9.   Money received from the sale of said bonds shall be used by the fiscal officers of the City of Chicago only for the purpose of paying valid judgments rendered against the City of Chicago prior to April 1, 1931.

" 'Section 10.   This ordinance shall be in force upon its adoption and publication.'

"The judgment of the petitioner was rendered subsequent to April 1, 1931 and is accordingly not a judgment within the purview of said judgment funding ordinance.   Said ordinance was passed by the City Council of the City of Chicago without a referendum. Under an act of the General Assembly of the State of Illinois entitled 'An Act requiring cities, villages and incorporated towns to submit ordinances authorizing the issue of bonds to the voters of any such city, village or incorporated town, but authorizing the issue of bonds for certain purposes without such submission to the voters,' approved June 4, 1909, (Illinois Revised Statutes, 1939, chapter 24, paragraph 661) it is provided that no ordinance passed by the City Council of any city or board of trustees of any village or incorporated town which provides for or authorizes the issue of bonds shall become operative, effective or valid until any such ordinance has been submitted to the voters of any such city or village with certain exceptions, one of which exception is bonds to refund

any existing judgment indebtedness. The judgment of the petitioner was not an existing judgment indebtedness on December 21, 1936, when the judgment funding bond ordinance was passed, and consequently could not lawfully be funded by any ordinance passed without having been submitted to the voters of the City of Chicago.

"For the foregoing reason respondents aver that the judgment of the petitioner cannot be paid out of any cash in the Judgment Funding Bond Fund of the City of Chicago or from the proceeds of the sale of authorized bonds when issued and sold pursuant to the terms of the ordinance aforesaid."

The judgment order entered on May 10, 1940, in the instant case is as follows:

"This cause coming on to be heard upon the verified petition for mandamus heretofore filed and upon the verified answer thereto of the respondents, Edward J. Kelly, Mayor of the City of Chicago, Thomas S. Gordon, Treasurer of the City of Chicago, Robert B. Upham, Comptroller of the City of Chicago, Barnet Hodes, Corporation Counsel of the City of Chicago, and City of Chicago, a Municipal Corporation, and upon the motion of petitioners to strike paragraph 33 of the said answer and for a writ of mandamus as prayed in said petition, and the court having read the said petition and answer and having heard the respective arguments of counsel as to the sufficiency in law of the matters of defense alleged in said paragraph 33; and the petitioners having elected to waive and relinquish any and all claims under and by virtue of a certain judgment entered February 27, 1940, in favor of petitioners and against the City of Chicago in case No. B-278263 in the Circuit Court of Cook County for the sum of $22,039.26 and costs of said suit, together with interest on said judgment, in consideration of prompt payment of the sum of $22,039.26, being the full amount of interest accrued upon a judgment in condemnation proceedings entered July 26, 1927, in favor of Max Klee and

Simon Klee in the case entitled *City of Chicago v. W. A. Wieboldt, et al.,* Circuit court of Cook County No. B-71144, and the petitioners by leave of court having withdrawn their claims for payment out of funds other than proceeds of the judgment bond fund provided in the ordinance of the City of Chicago passed December 21, 1936, all without prejudice to the petitioners in the event that this writ of mandamus is not obeyed in accordance with the tenor and effect hereof, and the court being fully advised in the premises, Doth Order and Adjudge:

"1. That the City of Chicago, a Municipal Corporation, Edward J. Kelly, Mayor of the City of Chicago, Thomas S. Gordon, Treasurer of the City of Chicago, and Robert B. Upham, Comptroller of the City of Chicago, do forthwith and without further excuse or delay pay to the petitioners from the available cash in the Judgment Bond Fund of the City of Chicago the sum of $22,039.26 upon a judgment in condemnation proceedings entered July 26, 1927, in favor of Max Klee and Simon Klee in the amount of $147,201 (after deduction of assessment for benefits) in the cause entitled *City of Chicago v. W. A. Wieboldt, et al.,* Circuit Court of Cook County No. B-71144.

"2. That the City of Chicago, a Municipal Corporation, Edward J. Kelly, Mayor of the City of Chicago, Thomas S. Gordon, Treasurer of the City of Chicago, and Robert B. Upham, Comptroller of the City of Chicago, do issue, sign and deliver to the petitioners its checks, vouchers or warrants on deposits of funds in the said Judgment Bond Fund of the City of Chicago until the sum of $22,039.26 is paid.

"3. That the cash now in said Judgment Bond Fund be first applied toward the payment of said sum of $22,039.26 and that the then remaining balance of said sum of $22,039.26 be paid out of the first proceeds of the sale of presently unissued bonds in said fund when further bonds are issued and sold under said ordinance of December 21, 1936.

"4. It Is Further Ordered and Adjudged that a peremptory writ of mandamus issue forthwith out of the office of the clerk of this court, under the hand of said clerk and the seal of this court, and directed to said City of Chicago, a Municipal Corporation, and Edward J. Kelly, Mayor of the City of Chicago, Thomas S. Gordon, Treasurer of the City of Chicago, and Robert B. Upham, Comptroller of the City of Chicago, ordering and commanding them and each of them that they do forthwith without excuse and delay pay and apply the available cash in said Judgment Bond Fund to the said sum of $22,039.26, and that the then remaining balance of said sum of $22,039.26 be paid out of the first proceeds of the sale of the presently unissued bonds in said fund when further bonds are issued and sold.

"5. It Is Further Ordered and Adjudged that upon payment by the respondents to the petitioners of said sum of $22,039.26 the judgment entered February 27, 1940, in favor of petitioners and against the City of Chicago in the Circuit Court of Cook County, case No. B-278263, together with interest and costs, be fully satisfied by a proper instrument to be filed of record in said cause."

Upon the trial of the cause the petitioners offered in evidence an order passed by the city council of the City of Chicago directing the corporation counsel of the City of Chicago to prepare a bill for an act to empower the City to issue Judgment Refunding Bonds. The order reads as follows:

"Journal of the Proceedings
"of the
"City Council
"of the City of Chicago, Illinois
"Regular Meeting, May 20, 1936.
"Page 1756.

"DIRECTION FOR THE PREPARATION OF A BILL FOR AN ACT TO EMPOWER THE CITY OF CHICAGO TO ISSUE 20-YEAR JUDGMENT REFUNDING BONDS.

"ALDERMAN ARVEY presented the following order:

"WHEREAS, The Supreme Court of Illinois in recent decisions has held the city liable for the payment of interest on judgments in condemnation proceedings under the Local Improvement act from the date such judgments became final until their payment; and

"WHEREAS, Such judgments were paid in the past when and as special assessments were collected from the owners of property benefited by the public improvements and in many cases the payment of condemnation judgments was thereby delayed; and

"WHEREAS, Pursuant to the rulings of the Supreme Court of Illinois the City of Chicago will be compelled to pay interest on such judgments aggregating many millions of dollars as soon as the amounts thereof are ascertained and fixed by Courts of competent jurisdiction; and

"WHEREAS, There are now outstanding and unpaid judgments for the taking and damaging of property for public use, for public benefits assessed against the city in special assessment proceedings, for injuries to person and property due to negligence, and for other debts and obligations of the city aggregating in amount for principal and interest on such judgments, exclusive of interest on judgments in condemnation proceedings under the Local Improvement act, in a sum approximating $18,000,000; and

"WHEREAS, The annual revenues of the city from all sources are insufficient to meet the current expenses of the city government and to pay any substantial sum on account of such judgments and interest thereon; and

"WHEREAS, Interest is accumulating on all judgments outstanding against the city at the rate of five

per cent per annum from the date of entry ·of such judgments until the same shall be paid; and

"WHEREAS, In the opinion of the city comptroller the City of Chicago could effect a considerable saving in interest if the city were authorized to issue 20-year judgment refunding bonds bearing interest at a rate less than five per cent per annum; and

"WHEREAS, The governor has called and convened an extraordinary session of the General Assembly of the State of Illinois to commence on Tuesday, the 19th day of May, A. D. 1936, to consider and adopt laws with respect to certain subjects, including the borrowing of money and issuance of bonds by municipal corporations and political subdivisions of the state for immediate local corporate purposes and the validation of proceedings therefor heretofore taken and bonds heretofore issued, now, therefore,

"It Is Ordered, That the corporation counsel be and he hereby is directed to prepare and submit for passage by the General Assembly of the State of Illinois in said special session any bill or bills necessary or desirable to empower the corporate authorities of the City of Chicago to issue 20-year judgment refunding bonds in place of or to supply means to pay judgment debts or for the funding of such judgment debts without submitting the question of the issue of such bonds to the legal voters of the city for approval.

"Unanimous consent was given to permit action on said order without reference thereof to a committee.

"Alderman Arvey moved to pass the order.

"The motion prevailed."

Upon the hearing of the cause the trial court held that he could not order the amount of the judgment of February 27, 1940, paid out of the Judgment Funding Bond Fund. The petitioners, in their brief, state that "the trial court refused to order the assumpsit judgment of February 27, 1940, paid out of the bond ordinance fund [Judgment Funding Bond Fund] but or-

dered that only the interest which had accrued on the condemnation judgment from July 26, 1927, to July 24, 1930, amounting to $22,039.26 be paid out of the bond issue, . . ." The trial court was clearly right in refusing to order the judgment of February 27, 1940, paid out of the Judgment Funding Bond Fund, and after he had so ruled he should have dismissed the petition for want of equity. The petition is based upon the judgment of February 27, 1940, and the prayer of the petition is that the respondents be ordered to pay said judgment out of the Judgment Funding Bond Fund. The answer of respondents properly assumes that the foundation of petitioners' claim for a mandamus was the judgment of February 27, 1940. As the judgment of the relators was not rendered prior to April 1, 1931, it is plain that it is not a judgment within the purview of the Judgment Funding Bond ordinance. After the trial judge had decided that the judgment of February 27, 1940, could not be paid out of the Judgment Funding Bond Fund counsel for petitioners stated, "All we are asking is that a writ issue to compel the City to pay the interest that had accumulated on the old condemnation judgments, between the date of their entry and the date of their payment." The trial court thereupon stated that he was inclined to do what counsel asked, and that he was "largely influenced by this resolution which shows what the city had in mind when it asked for the enabling legislation—the meeting of these very judgments." The able trial judge then evolved the theory that if the petitioners waived any claims they had by virtue of the judgment of February 27, 1940, *if respondents promptly paid "the sum of $22,039.26,"* he would then have the right to allow the petitioners $22,039.26 as interest upon the old judgment of July 26, 1927, that is, interest that accrued between the time of the entry of the said judgment and the payment of the same, and that he could order respondents to pay said interest out of the Judgment

Funding Bond Fund. It is plain from the judgment order that the trial court attempted to *create* a claim for petitioners that would come within the purview of the Judgment Funding Bond ordinance. In addition to the fact that the pleadings did not support the judgment order there are other good grounds for holding that the court erred in entering that order. At the time of the filing of the petition petitioners had no claim for interest against the respondents. Their claim for interest had merged in the judgment order of February 27, 1940, and the only claim they thereafter had against the City was that judgment. The able counsel for petitioners were aware of that fact when they drafted the petition. But aside from the fact that the claim of the petitioners was based upon the judgment of February 27, 1940, and that petitioners had no claim for interest against the City after said date, there is a further reason why the petitioners' claim could not prevail. In order to give a semblance of justification to the action of the trial court in holding that the amount of interest that accrued upon the judgment of July 26, 1927, between the time of the entry of the judgment and the payment of the same was properly payable out of the Judgment Funding Bond Fund, it was necessary for the court to hold that the said interest was an integral part of the original judgment and therefore could be considered as an existing judgment indebtedness at the time of the passage of the Judgment Funding Bond ordinance. In the case of *Blakeslee's Warehouses v. City of Chicago,* 369 Ill. 480, 481–484, the court said:

"Appellant's intestate was awarded $58,152 in a special assessment proceeding for land taken, and judgment was entered in her favor for that amount February 16, 1926. After deducting $3,598 for benefits, the net judgment amounted to $54,554. This amount was paid October 28, 1926. More than five years afterwards, to-wit, December 5, 1934, this suit

was brought in the circuit court of Cook county against appellee for interest on the full amount of the award from February 16, 1926, to the date when payment was made and for interest on such unpaid interest after October 28, 1926. The trial court entered a judgment for interest on $54,554 from February 16, 1926, to October 28, 1926, in the sum of $1,909.24, but it refused to allow interest on that sum. The city of Chicago appealed to the Appellate Court. That court held that whatever claim for interest plaintiff had was barred by the Statute of Limitations. The judgment was reversed and the cause is here on leave to appeal.

"Appellant's contentions are that interest on a judgment is a part of it; that a judgment cannot be satisfied unless the face of the judgment, interests and costs are paid; that this proceeding is a cause of action based upon a judgment, and that such an action is barred only by the twenty-years' Statute of Limitations. On the other hand, appellee contends that appellant's claim is solely for interest; that it is purely of statutory origin, and is not a part of the judgment, and comes within the purview of 'all civil actions not otherwise provided for' and is barred by the five-years' limitation in section 15 of the Statute of Limitations.

"The record conclusively shows the claim is for interest, and being for interest, only, she could in no event recover interest on interest. The trial court and the Appellate Court correctly so held. If she is entitled to recover interest at all, it is only upon $54,554 from the date the judgment was entered to the date it was paid. *Blaine v. City of Chicago,* 366 Ill. 341.

"In determining whether interest on a judgment is a part of it, the character of a judgment and the authority for imposing interest are important factors to be considered. A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. (3 Blackstone's Com. 395.) It is the law's last word in a judicial controversy and may

be defined as the final consideration and determination of a court upon matters submitted to it in an action or proceeding. (15 R. C. L., Judgments, 569.) A judgment is the judicial act of the court. (*Dorman v. Usbe Building and Loan Ass'n,* 115 N. J. L. 337, 180 Atl. 413.) On the other hand, the right to interest apart from contract, such as interest on a judgment, does not emanate from the controversy, or from the judgment, or from anything of a judicial nature. At common law, interest could be recovered in no case except where there was an express agreement therefor. Because of losses occasioned by delay in the payment of final judgments the legislature provided a remedy for such losses by way of interest thereon as fair compensation for such delays. The remedy is found in section 3 of the Interest act. The recovery of interest in this State, not contracted for, finds its only authority in the statute. It is purely statutory. *Blaine v. City of Chicago, supra; Feldman v. City of Chicago,* 363 Ill. 247; *Turk v. City of Chicago,* 352 id. 171.

"Section 3 of the Interest act, (Ill. Rev. Stat. 1937, chap. 74, par. 3,) provides: 'Judgments recovered before any court or magistrate shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment.' It is to be observed that two classes of interest are contemplated by the statute,—i.e., that which accrues prior to judgment, and interest which accrues after the judgment is entered. Interest accruing before judgment is expressly made a part of the judgment, but no such provision is made as to interest accruing on a judgment after it is entered. It is a cardinal rule of statutory construction that the expression of one thing or one mode of action in a statute excludes other things

or modes though not expressly prohibited. (*People v. Wiersema State Bank,* 361 Ill. 75; *Sammis v. Clark,* 13 id. 544.) That rule is applicable here, and excludes interest on a judgment as a part thereof. Furthermore, it is obvious that at the time the judgment was entered there was no interest due. Hence, the subsequently accruing interest, recoverable by virtue of the statute, could not be a part of the judgment when it was entered. How the interest could afterward modify the judgment by increasing it in amount is not suggested, and no logical interpretation of the law can reach any such result. A judgment stands in amount as it is entered, and the only way in which it may be modified is by a direct proceeding for that purpose. Interest on a judgment is to be distinguished from costs in a proceeding, for which judgment is entered as a part of the principal judgment in the cause. The conclusion in inescapable that interest on a judgment is not a part of it. It is further to be noticed that, under the distinction between the two classes of interest mentioned in section 3 of the Interest Act, the interest on the judgment cannot be considered a part of the value of the land taken, for which the judgment was entered. (*Blaine v. City of Chicago, supra.*) Therefore, if appellant is entitled to interest on the judgment it is not by virtue of the judgment or the judicial proceeding culminating therein, but arises solely under the provisions of the statute. *Turk v. City of Chicago, supra.*"

Under the ruling in that case it seems plain that the said interest upon the old judgment was not an integral part of said judgment. Petitioners argue that the *Blakeslee* case passed only upon a question of the Statute of Limitations and it is not in point in the instant case because no question of limitations is here involved. But the Supreme Court in passing upon the question of the Statute of Limitations was confronted with the contention of the appellants in that

case "that interest on a judgment is a part of it; that a judgment cannot be satisfied unless the face of the judgment, interests and costs are paid; that this proceeding is a cause of action based upon a judgment, and that such an action is barred only by the twenty-years' Statute of Limitations." In deciding the question of the Statute of Limitations it was necessary for the Supreme Court to hold that interest on a judgment is not a part of the judgment. Under the Judgment Funding Bond ordinance the bonds and the proceeds from the sale thereof constituted a trust fund for the purpose of paying judgments entered prior to April 1, 1931, and still outstanding and unpaid on December 21, 1936, the date when the ordinance was passed. Neither the bonds nor the proceeds thereof can be diverted to pay a claim for interest upon a judgment the principal of which was paid prior to December 21, 1936, and which claim for interest was not reduced to judgment until after December 21, 1936. The city council under the resolution of May 20, 1936, undoubtedly desired to fund interest claims not reduced to judgment. But the only power that the legislature gave the city council, in the enabling act, was "To issue bonds in place of matured bonds *or judgment debts,* or to supply means to meet the same, or for the consolidation or funding of the same." After the enactment of the enabling act the ordinance in question that was passed by the city council was enacted for the purpose of paying *judgments* rendered prior to April 1, 1931.

There is no merit in the contention of petitioners that the order of May 10, 1940, is not before this court for review. The notice of appeal specifically recites that the respondents "appeal to the Appellate Court of Illinois, First District, from the final judgment order for writ of mandamus entered in this cause on, to-wit, the 10th day of May, 1940," etc. It is true that on May 27, 1940, after the trial court had lost jurisdiction of

the cause, the respondents, at the request of the trial judge, consented that an order be entered that the recital in the judgment order of May 10, 1940, relating to the waiver and relinquishment of the claims of petitioners and paragraph five of said judgment order be expunged from said judgment order and held for naught. Respondents are not appealing from the order of May 27, 1940, nor could they. When the consent order was entered they had already prayed their appeal from the order of May 10, 1940, and their appeal and the questions they here raise are not affected by the consent order.

Petitioners contend that the judgment of May 10, 1940, was a consent judgment and that appellants cannot assign error upon it. We find nothing in the record that would justify us in holding that said judgment was entered by consent. In our opinion the corporation counsel of the City of Chicago would have been derelict in his duty if he had not appealed from the judgment of May 10, 1940.

The judgment order of the circuit court of Cook county entered on May 10, 1940, is reversed.

*Judgment order entered on May 10, 1940, reversed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.