People ex rel. 1111 North La Salle Corporation, Appellant, v. City of Chicago et al., Appellees.

Gen. No. 42,124.

Heard in the first division of this court for the first district at the June term, 1941. Opinion filed September 9, 1942.

URION, BISHOP & SLADKEY, of Chicago, for appellant; HOWARD F. BISHOP and ROBERT F. DEWEY, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellees; JAMES A. VELDE and HERZL SEGAL, Assistant Corporation Counsel, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

On November 28, 1930, the petitioner had a judgment in condemnation proceedings for $36,000. This judgment was never paid, and petitioner filed this mandamus suit to compel the city to pay this with interest at the rate of 5 per cent per annum from the date it was entered.

The trial court ordered the judgment paid but denied the prayer for interest. Petitioner appealed to the Supreme Court, asserting that a constitutional question was involved. The Supreme Court was not of this opinion, and transferred the case to this court. Consequently, although there is some argument as to the constitutionality of section 16 of the Local Improvements Act, ch. 24, par. 715 of the 1939 Ill. Rev. Stat., we shall not comment upon this.

The trial court held that the claim for interest was barred by the five-year statute of limitations and, as this petition was filed in November 1940, the limitation period had passed.

Was the claim for interest barred by the five-year statute of limitations? This same question was presented in *Epling v. Dickson*, 170 Ill. 329, which was a

proceeding to enforce payment of a judgment rendered in an action to recover damages to property because of the construction of a railroad; it was held that the five-year statute of limitations has no application to a proceeding of his character. In that case, as here, the trial court allowed recovery for the face of the judgment, but refused to allow interest. The Supreme court called attention to section 3 of the Interest Act, which provides that judgments shall draw interest until satisfied, and said: "No exception is made in the statute where a judgment has been rendered as compensation for lands taken or damaged for public use, and in the absence of an exception the statute which controls judgments in other cases must control here. Moreover, it has often been held that a final judgment for the amount found to be due as just compensation will draw interest. *Cook v. South Park Comrs.,* 61 Ill. 115; *City of Chicago v. Palmer,* 93 id, 125.''

The record shows that the trial court in denying interest to petitioners relied upon an opinion in *Cohen v. City of Chicago,* in which a petition for rehearing was allowed, and another opinion rendered superseding the first opinion, 377 Ill. 221. However, in this *Cohen* case, and in every case cited by the defendants, the condemnation judgment had already been paid in full. In *Bogden v. Milauckas,* 313 Ill. App. 311, the condemnation judgment had been paid, which the property owner accepted and satisfied the judgment, and the court said that the suit for interest commenced eight years later was an independent claim and necessarily must be commenced within the five-year period. The decision referred to *Tracey v. Shanley,* 311 Ill. App. 529, where it was held that accruing interest is not separated from the judgment, and the statute of limitations does not run against it until the judgment itself is barred by the statute. We have noted all the cases cited in the briefs and find no case holding con-

trary to the proposition that where a judgment is unpaid and unsatisfied interest continues until the judgment is paid. *Turk v. City of Chicago,* 352 Ill. 171; *Feldman v. City of Chicago,* 363 Ill. 247; *Blaine v. City of Chicago,* 366 Ill. 341; and many other cases.

We might note that in *Garvy v. Wilder,* 121 F. (2d) 714, which defendants stress, we find the same situation as in the other cases cited by defendants, namely, that the principal obligation had already been paid and satisfied before the institution of the suit for the recovery of interest.

There is no merit in defendants' claim that interest which accrued more than five years prior to the institution of the present suit is barred by the statute of limitations. The cases cited said to support this are not at all in point. If the point were sound, recovery of interest upon a note or other written instrument made payable more than five years after date would be limited to the interest which accrued in the last five years, and this even though the principal obligation had not matured or had not been paid. It would also mean that all holders of unpaid judgments must every five years bring a new and separate suit to protect their right to recover interest on their judgments. This cannot be the law.

The portion of the judgment order directing the payment of the judgment was proper. That part of the order denying interest is erroneous, and is reversed. The cause is remanded with directions that the writ of mandamus issue, requiring defendants to pay the principal amount of the judgment together with interest thereon at 5 per cent per annum from the date of the rendition of the judgment to the date of payment.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.