THE CITY OF CHICAGO, IN TRUST FOR THE USE OF SCHOOLS, Plaintiff-Appellee, *v.* ALBERT J. SCHORSCH REALTY CO., INC. *et al.* Defendants-Appellants.

(No. 56225; 

First District—July 26, 1972.

*Rehearing denied September 6, 1972.*

James W. Coffey and Frank S. Righeimer, both of Chicago, (Richard E. Girard, of counsel,) for appellants.

Green, Murnighan & Kane Associates, of Chicago, (John B. Murnighan, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In this action, the Board of Education of the City of Chicago, (who

will hereinafter be referred to as "the Board") filed a petition to condemn and acquire parcels of land for a school site. Judgment was entered awarding compensation to defendants on February 11, 1969, after a jury verdict. Defendants' post-trial motion filed on March 11, 1969, was denied by the trial court on March 14, 1969, and defendants apealed. On June 15, 1970, we filed an opinion in which we affirmed the judgment of the trial court fixing the value of the parcels of land involved. (*City of Chicago v. A. J. Schorsch Realty Co.*, 127 Ill.App.2d 51, 261 N.E.2d 711.) Petition for rehearing was denied August 3, 1970. Defendants filed a petition for leave to appeal to the Illinois Supreme Court and caused this court to stay its mandate. Leave to appeal was denied on December 2, 1970. Defendants then filed a petition for writ of *certiorari* to the Supreme Court of the United States and caused the mandates of the Illinois Supreme Court and the Appellate Court to be stayed. The Supreme Court of the United States denied defendants' petition for writ of *certiorari* on April 19, 1971, and issued its mandate to the Supreme Court of Illinois, which in turn issued its mandate to the Appellate Court of Illinois. On May 11, 1971, this court issued its mandate to the Circuit Court of Cook County. On May 13, 1971, the Board deposited with the County Treasurer of Cook County, the total amount of the condemnation award in the sum of $349,000, plus $174.50 in interest and costs of $44.00.

Defendants filed a "Petition to Confirm Abandonment" in the Circuit Court on May 19, 1971, alleging that petitioner had abandoned the condemnation proceedings by failure to deposit the amount of the jury award within the time fixed in the judgment order pursuant to Section 10 of the Eminent Act, ch. 47, Ill. Rev. Stat. 1969, par. 10. Defendants also sought costs, fees and expenses pursuant to the act. In the alternative, defendants prayed that the court determine that petitioner had not deposited sufficient interest and costs pursuant to the judgment order. Plaintiff filed objections to this petition. After a hearing at which no evidence was taken, the relief prayed for was denied, and defendants appealed.

Defendants contend that (1) the failure by plaintiff to deposit full compensation within the time fixed in the judgment order resulted in an abandonment; (2) there was no stay or *supersedeas* which prevented or excused petitioner from depositing the full compensation; (3) in the alternative, the time for plaintiff to deposit full compensation began to run when this court filed its opinion on June 15, 1970, and (4) the payment made by petitioner did not comply with the interest statute and plaintiff has failed to make such a tender of full compensation as would satisfy the judgment.

The Board contends that defendants' unsuccessful appeals stayed the running of time for payment of the award until the final mandate issued; that there is no need for a *supersedeas* in a condemnation case, and that the amount deposited by plaintiff fully satisfied the judgment order.

The record is clear that defendants remained in continuous possession of the condemned parcels while they were taking appeals and seeking reversal of the judgment. After examining the arguments and authorities cited by both parties, we conclude that an extended discussion would unnecessarily lengthen this opinion.

The judgment order of the Circuit Court recites:

"It is therefore ordered, adjudged and decreed by the court that the Petitioner, within one hundred eighty (180) days from the entry of this order pay * * * the sum of Three Hundred Forty-Nine Thousand Dollars ($349,000.00) plus Forty-Four Dollars ($44.00) as costs of suit plus interest at the rate of 5% from the day the verdict of the jury was returned, February 7, 1969 until date of payment of award, as full compensation for the taking * * *."

Defendants contend that petitioner has abandoned the condemnation proceedings by failing to deposit full compensation within 180 days from the date of judgment entered on February 11, 1969. They stress that only if a stay or *supersedeas* had been entered would the time for deposit have been stayed.

The Supreme Court has held contrary to this assertion. In *People ex rel. White v. Busenhart*, 29 Ill.2d 156, 193 N.E.2d 850, defendants contended that plaintiff had abandoned the condemnation proceeding by failure to pay the award within the 150 days specified in the judgment order. The court stated at p. 160:

"The assertion of abandonment is without merit. The time limitation of 150 days commences when the amount of the award had been finally determined. (*County Bd. of School Trustees v. Boram*, 26 Ill.2d 167.) Here the amount of compensation was not finally determined until our judgment on the first appeal was entered and the mandate issued. Rehearing was denied September 25, 1961. Judgment in accordance with the mandate was entered October 18, 1961, and the amount of the award was deposited the same day. Obviously the deposit was timely made."

In *County Board of School Trustees of Du Page v. Boram*, 26 Ill.2d 167, 186 N.E.2d 275, cited in *Busenhart*, defendants sought an order for payment of attorney's fees, costs and expenses, pursuant to Section 10 of the Eminent Domain Act, on the theory that petitioner had abandoned the proceedings by not depositing the amount of the compensation award within the time specified in the judgment order. The court pointed out

that "the time limitation has been held to start when the amount of full compensation has finally been determined," (at p. 175) and went on to say,

"If no post-trial motion or appeal had been filed, the compensation award would have been determined with finality as of that date. Defendants filed a post-trial motion, however, and thereafter this appeal. This compensation award has not therefore as yet been determined with finality and the time limitation will not begin to run until it has been determined." 26 Ill.2d at p. 175

■■ We hold that where a property owner on appeal protests the amount of the condemnation award, the award is not finally determined until the appeal is disposed of, and the time allowed in the judgment order for payment is stayed and does not commence to run until the issuance of the mandate. In *City of Winchester v. Ring,* 311 Ill. 358, 146 N.E. 541, the court held that the time for payment fixed by the trial court did not begin to run until after the affirmance of the judgment. "The effect of the appeal was to stay all proceedings in execution of the judgment and the running of the time within which payment of the compensation was to be made." 315 Ill. at p. 360.

■■■ Proceedings in eminent domain are *sui generis.* Our Supreme Court has recently stayed that a judgment in eminent domain

"* * * does not impose a liability upon the condemnor but merely establishes a value that it must pay to acquire title. The condemnor is under no compulsion to pay the award, and no execution may issue upon the award." *County of Cook v. Malysa,* 39 Ill.2d 376, 379, 235 N.E.2d 598.

Thus, the purpose which *supersedeas* serves in ordinary judgment actions, namely to stay enforcement of judgments pending appeal, has no application in eminent domain proceedings. Defendants argue that *supersedeas* is required to stay execution on a condemnation judgment, but they cite no cases in which *supersedeas* has ever been held applicable to condemnation proceedings. Moreover, there were no *supersedeas* in *Boram, Busenhart* or *Ring.*

■■ In the alternative, defendants maintain that the time for plaintiff to deposit full compensation began to run when this court entered its opinion on June 15, 1970, affirming the trial court judgment. Defendants contend that the amount was "finally and fully fixed and determined" at that point because defendants had exhausted all avenues of appeal as a matter of right. We find no merit to this contention. The action of the reviewing courts in the case at bar ended by the issuance of the mandate of this court upon the denial by the United States Supreme Court of defendants' petition for writ of *certiorari.*

■■ Defendants argue finally, that Section 3 of the Interest Act (ch. 74, Ill. Rev. Stat. 1969, par. 3), requires petitioner to pay interest in the case at bar from the date of the verdict until the date of payment of the award. We disagree. We believe that the words "judgment debtor" used in Section 3, limit the application of the statute to cases in which judgment is of a kind on which execution may issue. Moreover, where defendants have remained in full ownership and possession during the pendency of their unsuccessful appeals, neither the Interest Act nor any other statute requires payment of interest. *Cohen v. City of Chicago*, 377 Ill. 221, 36 N.E.2d 220, and *Chapralis v. City of Chicago*, 389 Ill. 269, 59 N.E.2d 641, cited by defendants, were brought under the Local Improvement Act, which our Supreme Court has recently stated to be quite different from the Eminent Domain Act in both scheme and provisions. (*Commissioners of Lincoln Park v. Schmidt*, 386 Ill. 550, 560, 54 N.E.2d 525.) *Pinkstaff v. Penn. Railroad Co.*, 31 Ill.2d 518, 202 N.E.2d 512, also cited by defendants, involved a money judgment enforceable by execution, and is thus distinguishable from the case at bar.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.