**In re NATIONAL TRADE CORPORATION, an Illinois corporation, Debtor.**

**Bankruptcy No. 79 B 8407.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Sept. 3, 1982.

Richard E. Alexander, Alexander & Zalewa, Ltd., Chicago, Ill., for petitioner.

Leo H. Arnstein, Laurence H. Kallen, Arnstein Gluck & Lehr, Chicago, Ill., for respondent and receiver.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause of action comes to be heard on a petition by K mart Corporation (hereinafter referred to as K mart) to order Leo H. Arnstein, Receiver for National Trade Corporation of Illinois, to pay to K mart all the interest he accumulated on a certain amount of money in his possession as Receiver.

On December 11, 1978, K mart inadvertently sent a check for $2,000,000.00 to National Trade Corporation of Illinois (hereinafter referred to as NTC). Despite a demand for the return of this money on December 20, 1978, NTC did not return the money to K mart. Accordingly, on January 11, 1979, K mart filed suit in the United States District Court for the Northern District of Illinois seeking the return of this money with interest.

On September 1, 1979, NTC filed a voluntary petition under Chapter XI of the Bankruptcy Act. Leo H. Arnstein was appointed as Receiver of the debtor's estate. The bankruptcy court modified the automatic stay stemming from the bankruptcy petition on December 7, 1979, so that K mart's action could proceed in the United States District Court. The district court granted summary judgment against NTC and on May 14, 1981, ordered that K mart be paid $2,000,000.00 plus $574,734.34 in interest.

As a part of that court's order, the Clerk of the District Court was required to turn over to K mart a certificate of deposit valued at $2,121,896.17 (including accrued interest). Thus, the balance to be satisfied out of funds held by the Receiver was $452,-838.17. Instead of promptly paying K mart this amount, the Receiver filed a petition to vacate a portion of the district court's order. The Receiver primarily based his petition on the grounds that the district court's order related only to funds held by the Clerk of the District Court, not to funds held by the Receiver as part of the debtor's estate. On November 12, 1981, the district court denied the petition to vacate, and the Receiver paid K mart $452,838.17 on December 9, 1981. Subsequently, on May 22, 1982, Leo H. Arnstein was appointed to act as Trustee of the Chapter 7 estate.

K mart has filed the petition herein requesting that the Receiver (or his successor) be ordered to pay K mart all the interest that was earned on the $452,838.17 held by the Receiver from May 14, 1981 (the date of the district court's order) to December 9, 1981 (the date the Receiver actually transferred the funds to K mart). The Receiver, however, contends that under 28 U.S.C. § 1961, K mart is entitled to only the rate of interest allowed by state law, Ill.Rev. Stat.Ch. 74, § 3 (1979) (9%), from May 14, 1981 to November 12, 1981 (the date the Receiver's petition to vacate was denied). Consequently, the issues to be decided by this court are: (1) to what rate of interest is K mart entitled and (2) should the interest run from the date of the district court's order (May 14, 1981) to the date the appeal was dismissed (November 12, 1981) or to the date the funds were actually transferred to K mart (December 9, 1981).

28 U.S.C. § 1961 (1976) provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.

See also Gurley v. Lindsley, 466 F.2d 498, 499 (5th Cir. 1972) ("Interest on a federal judgment is calculated from the date of entry at the rate allowed by State law."); Laminoirs, Etc. v. Southwire Co., 484 F.Supp. 1063, 1071 (N.D.Ga.1980) (same). The Illinois Interest Act requires that "[j]udgments recovered before any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied...." Ill.Rev.Stat.Ch. 74, § 3 (1979). The interest begins to run at the date of the entry of the judgment after trial, not after the exhaustion of the appeal process. Penn Central Co. v. Chicago, Milwaukee, St. Paul & Pac. R.R., 433 F.2d 943, 944 (7th Cir. 1970).

■ In the case at bar, K mart sought and received a judgment against NTC in the United States District Court for the Northern District of Illinois. Accordingly, by operation of 28 U.S.C. § 1961 in conjunction with the Illinois Interest Act, this court holds that K mart's judgment should accrue interest at a rate of 9% per annum.

K mart argues that it had to borrow money due to the Receiver's failure to transfer promptly the appropriate funds and that the debtor's estate will be unjustly enriched if it is allowed to keep the interest earned on the sum in question in excess of the 9% statutory rate. Although it is true that the debtor's estate will benefit if the $452,838.17 were invested at a rate greater than 9%, it would be inappropriate for this court to apply the equitable doctrine of unjust enrichment to contradict an explicit statutory provision. It must be assumed that the Illinois Legislature realized that the accrual of 9% interest per year on judgments would not correspond exactly to the cost one has to pay for the use of money. The statutory interest rate was not designed to make the judgment creditor perfectly whole; it is merely an approximation, with the judgment debtor benefiting from any excess or bearing the burden of any deficiency. K mart has not alleged bad

faith on the part of the Receiver or any other extraordinary grounds for relief which may justify deviating from the applicable statutory provisions. Moreover, a great portion of the interest in excess of the 9% statutory rate eventually will be distributed to K mart since K mart's unsecured claims total more than 90% of all unsecured claims against NTC.

K mart also contends that the district court's decision on May 14, 1981 was not a "judgment or award" to which the Illinois interest statute applies and that under the reasoning of *Morton Grove Park Dist. v. American Nat'l Bank*, 78 Ill.2d 353, 35 Ill.Dec. 767, 399 N.E.2d 1295 (1980), K mart should receive all interest earned on the funds held by the Receiver. This court does not agree. "A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. It is the last word in a judicial controversy and may be defined as the final consideration and determination of a court upon matters submitted to it in an action or proceeding." *People ex rel. Klee v. Kelly*, 309 Ill.App. 72, 85–86, 32 N.E.2d 923, 929 (1941) (citations omitted) (quoting *Blakeslee's Storage Warehouses v. City of Chicago*, 369 Ill. 480, 482, 17 N.E.2d 1, 3 (1938). Using this standard, this court finds that the Memorandum and Order issued by Judge Moran on March 27, 1981 granting summary judgment in favor of K mart and the subsequent Order issued on May 14, 1981 constitute a judgment to which the Illinois Interest Act applies.

Moreover, *Morton Grove* concerned the appeal of a condemnation award. During the appeal, the park district took possession of the condemned property, and the county treasurer held the award. The court held that owners of condemned property are entitled to the actual amount of interest earned on the condemnation award deposited with the county treasurer pending the

appeal. *Morton Grove*, however, is distinguishable from the case herein. A condemnation award is not a judgment upon which execution may issue. *City of Chicago v. Schlorsch Realty Co.*, 6 Ill.App.3d 1074, 1078, 287 N.E.2d 93, 96 (1972) (quoting *County of Cook v. Malysa*, 39 Ill.2d 376, 379, 235 N.E.2d 598, 600 (1968)). As such, it is not entitled to interest under Section 3 of the Interest Act. *Id.* 6 Ill.App.3d at 1079, 287 N.E.2d 93. Since K mart obtained a judgment in the United States District Court upon which execution may issue, it is subject to the Illinois Interest Act.

As to the period of time for which interest is due, the Illinois Interest Act states that interest on a judgment runs from the date of the judgment "until satisfied." Ill.Rev.Stat.Ch. 74, § 3 (1979). Similarly, case law indicates that interest on a judgment commences to run from the date of entry and continues until the judgment debt is paid. *Tracey v. Shanley*, 311 Ill. App. 529, 535, 36 N.E.2d 753, 756 (1941). *See also People ex rel. 1111 North LaSalle Corp. v. City of Chicago*, 316 Ill.App. 66, 68–69, 43 N.E.2d 691, 692 (1942). Consequently, this court holds that K mart is entitled 9% interest on the $452,838.17 due on the judgment from May 14, 1981, the date of the district court's order, to December 9, 1981, the date the Receiver actually transferred the funds to K mart. Thus, the interest earned on these terms is $24,286.73.

K mart is to furnish a draft order in accordance with this opinion within five (5) days.*

* This decision is entered in compliance with the stay of enforcement until October 4, 1982 of the United States Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the General Order

of the United States District Court for the Northern District of Illinois (July 14, 1982), and the decision of the United States Court of Appeals for the Seventh Circuit in *Farmers Union Central Exchange, Inc. v. Hertz*, No. 82–2211 (7th Cir. August 13, 1982).