The People of the State of Illinois ex rel. Wieboldt Stores, Inc., Appellee, v. City of Chicago et al., Appellants.

Gen. No. 39,301.

Matchett, P. J., dissenting.

Opinion filed March 16, 1937.

Barnet Hodes, Corporation Counsel, for appellants; Joseph F. Grossman, Arthur A. Sullivan and J. Herzl Segal, Assistant Corporation Counsel, of counsel.

Sidley, McPherson, Austin & Burgess, Urion, Bishop & Sladkey and Louis J. Victor, all of Chicago, for appellee; Edwin C. Austin, Howard F. Bishop, Louis J. Victor and Philip H. Schofield, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Relator sought by mandamus to compel the payment of interest at the rate of five per cent per annum upon an unpaid judgment in a condemnation proceeding; defendants filed an answer and upon hearing by the court the issues were found in favor of the relator and defendants were ordered to pay the amount of the judgment, $371,028, together with interest thereon amounting to $169,899.90, making a total of $540,927.90. Defendants appeal from this order and in this court question only the order relating to the interest on the judgment.

In *Turk v. City of Chicago,* 352 Ill. 171, and in *Feldman v. City of Chicago,* 363 Ill. 247, it was held that the Interest Act, Ill. State Bar Stats. 1935, ch. 74, allowing interest on judgments, applies to a final judgment under the Local Improvements Act, Ill. State Bar Stats. ch. 24, ¶ 120 *et seq.;* Jones Ill. Stats. Ann. 76.001 *et seq.* Defendants now in this court seek a reversal of this holding for a reason which they say was not presented to the Supreme Court in those cases. The argument is that the *Feldman* case held it was necessary to allow interest in order to award just compensation; that section 13 of article 2 of the State Constitution, which provides that private property shall not be taken or damaged for public use without just compensation, also provides that "Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." Therefore, it is argued, the amount of interest must be ascertained by the judicial branch of the government and cannot be fixed by statute enacted by the legislative branch; that the legislature has no power under this provision of the constitution to fix by statute any rate of interest as just compensation, hence the interest statute does not apply to judgments of this nature.

However this may be, this point more properly is for the Supreme Court to consider. Both the *Feldman* and *Turk* cases definitely decide that interest on condemnation judgments, where there is a delay in making payment, must be paid at the statutory rate, and we shall follow these cases.

Defendants in their answer also asserted that the property, at the time of condemnation and at the present time, was and is improved with a seven-story and basement and sub-basement reinforced concrete building, a two-story and basement and sub-basement concrete building and a two-story ;and basement brick building; that from the time of the institution of the

condemnation proceedings until the present time the relator has been in undisturbed physical possession of the property condemned and of the improvements thereon, and during all this time has had full beneficial use of the property in the same manner and to the same extent as it had prior to the institution of the proceedings to condemn; that the relator has occupied and used these improvements for a department store; that the beneficial use has not been depreciated by the condemnation proceedings and that the value to the relator of this beneficial use from the date of the judgment to the present time is in excess of $200,000, and that if the relator is entitled to interest upon the judgment, then these defendants are entitled to have such interest canceled or reduced by the value of this beneficial use.

It was stipulated that the premises condemned has a frontage of about 235 feet on Ashland avenue, that the property is improved as above described, and that in the condemnation proceedings a 17-foot strip was condemned from the front of these buildings, and that relator was and is now in possession of these premises.

Upon the hearing defendants offered to prove by a qualified witness the reasonable rental value of the premises condemned from the date of the judgment to the time of the hearing; objection was made on the ground that such evidence could have no bearing on the question of whether interest is recoverable on the judgment, which objection was sustained; another offer as to the value of the beneficial use to the relator of the property condemned was made to which objection also was sustained.

Where the law allows interest on judgments in condemnation proceedings, may the amount of such interest be reduced by the money value of the beneficial use of the property by the owner who retains possession after judgment? There is an impressive list of decided cases holding that such a reduction should be

made. A general statement is in Lewis on Eminent Domain (3rd ed.), vol. 2, sec. 742, p. 1320, to the effect that the interest in such cases should "be reduced by the value of the use of the property to the owner while he continues to have such use." In *Irrigation Co. v. McLain,* 69 Kan. 334, the trial court instructed the jury that in determining compensation it should include interest, but the Supreme Court held this was error because it omitted to tell the jury to take into consideration the beneficial use made by the landowner and to reduce by that value the amount of interest. In *Plum v. City of Kansas,* 101 Mo. 525, the owner sought an injunction to restrain the city of Kansas from taking possession of land condemned until payment of just compensation was made; pending the appeal to the Supreme Court the city did not take possession of the property; plaintiff was tendered the principal but refused it, claiming interest from the date of judgment; on appeal it was held that the final judgment drew interest by virtue of the general statute on interest. But the court further held that the plaintiff should account for such rents and profits as had accrued to him from the possession of the land since the date when the judgment became final, saying, "it would be inequitable to permit him to recover interest on that judgment and retain the benefits of the possession held by him meanwhile. . . ." In *Metler v. Easton & A. R. Co.,* 37 N. J. L. 222, the court said: "This general rule for the allowance of interest is liable to be controlled by the circumstances of each particular case. If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly." *In re Mayor,* 58 N. Y. S. 58, involved a question similar to that presented in the instant case, namely, whether interest on a delayed payment of the

judgment should be allowed and whether the beneficial use of the owner should be valued and applied to reduce the amount of interest. The court said, "It becomes, in each case, a simple question of fact as to what use, if any, survives the taking of the particular parcel, and to what extent this use may be treated as an equivalent for the use of the money withheld. . . ." To the same effect was *In re Mayor,* 69 N. Y. S. 742, affirmed in 167 N. Y. 627; *In re Grote Street in City of New York,* 134 N. Y. S. 844; *In re Second Street, Harrisburg,* 66 Pa. 132, where the court said, unequivocally: "If the owner continued undisturbed in the full receipt of the rents and profits, it would not be right that he should in addition receive full interest on the value of the land." The same rule was stated in *Pennsylvania Co. for Ins. v. Philadelphia,* 262 Pa. 439; *Pattison v. Buffalo, R. & P. R. Co.,* 268 Pa. 555; *Fink v. Newark.* 40 N. J. L. 11, and *Warren v. First Div. of St. Paul & P. R. Co.,* 21 Minn. 424. In *West v. Milwaukee, L. S. & W. Ry. Co.,* 56 Wis. 318, the court quoted with approval from *Metler v. Easton & A. R. Co.,* quoted above. Another Wisconsin case is *Uniacke v. Chicago, M. & St. P. Ry. Co.,* 67 Wis. 108, where this rule was reasserted.

Both counsel refer to certain expressions appearing in the *Feldman* and in the *Turk* case as indicating that the value of such beneficial use by the owner of the property need not be considered in fixing the amount of interest due, but we do not read these opinions as having under consideration the question now before us.

Those cases were confined to the consideration of whether the Interest Act applied to condemnation judgments.

Relator cites three cases which it is said, hold contrary to the rule stated in the above cited cases. One of these is *Trustees, etc. v. Third M. E. Church of Brooklyn,* 18 N. Y. S. 257. This decision apparently

was repudiated in the later cases of *In re Grote Street of City of New York,* and *In re Mayor, supra.* The two other cases cited by the relator are *Imbescheid v. Old Colony R. Co.,* 171 Mass. 209, and *Whitman v. City of Providence,* 44 R. I. 33. The Massachusetts case was a proceeding governed by a statute for the assessment of damages to land and building taken by the railroad; apparently under this statute the trial court returns a verdict and then reports the case for determination to the higher court. The court did not hold that the condemnor was not entitled to recover the value of the beneficial use of the property by the owner but only held that under the particular statute controlling the proceedings such a claim could not be entertained in that proceeding, saying that the rights of the parties growing out of that possession "are not to be settled in the proceedings for damages. . . ." Much the same situation was presented in the Rhode Island case, the court holding that the proceeding, which was for the assessment of damages, was under a statute which was solely for the purpose of ascertaining the amount of the compensation, and that any other issue was outside the purview of the statute.

No case has been cited which holds that the value of the beneficial use of the possession of the owner cannot be considered, and all the cases, except those from Massachusetts and Rhode Island, hold that the value of this use may be set off in reduction of the amount of interest on the judgment.

The equities of the position support the rule above stated. The relator is in full possession of the strip of land condemned, 17 feet wide and approximately 235 feet long, fronting on North Ashland avenue; upon this strip is located the front portions of a seven-story building and two two-story buildings, all of which are used for department store purposes to the same extent that they were used before the condemnation proceed-

ings; the relator has not been disturbed in the use of this property throughout the entire period for which it claims interest. Under these circumstances it would be clearly unjust, where the property owner obtains interest on his judgment, to permit him at the same time to have the free use of the premises.

This is not a case of landlord and tenant. It is simply a method of arriving at the just compensation for the premises taken, and to do this, manifestly the use of the premises by the owner must be taken into consideration.

Counsel for defendants say that the petition for mandamus should be dismissed because the relator cannot show a clear and undoubted right to the relief demanded. That the relator must show such right is undoubtedly the general rule, and in the instant case the relator has shown such a right to interest. The fact that defendants may present a counterclaim cannot deprive the relator of the right to proceed by the action of mandamus. Section 2, ch. 87, Mandamus Act, as amended, Ill. State Bar Stats. 1935, ch. 87, ¶ 2; Jones Ill. Stats. Ann. 109.428, provides that, "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." This contemplates the filing of a germane counterclaim. The word "germane" means "closely allied." *City of Chicago v. Reeves,* 220 Ill. 274, 298. It is obvious that in fixing the amount of just compensation, any factor entering into the computation is germane to the distinctive purpose of the proceedings. Counsel for relator do not urge this procedural point.

The practice followed in *State ex rel. Donofrio v. Humes,* 34 Wash. 347, commends itself to us. The facts there are in all respects like those before us. The relator sought by mandamus to compel the payment of a judgment in a condemnation proceeding, with interest; the defendant, Mayor of Seattle, alleged that the

city had never been in possession of the condemned property and that the relator had been in possession of it and enjoyed the beneficial use; relator demurred to this answer on the ground that it did not state facts sufficient to constitute a defense; demurrer was overruled; the defendants elected to stand by their answer and the writ of mandamus was issued and defendants appealed. The opinion of the Supreme Court states that the question presented was, "may the judgment holder retain the rents and profits of the land, and for the same time recover interest upon the condemnation award?" The court followed *Plum v. City of Kansas,* 101 Mo. 525, and held it would be inequitable to permit the relator to recover interest and at the same time retain the benefits of the possession held by him, saying that in a measure the rents and profits offset the interest, although the one was not the necessary legal equivalent of the other. The court held that there must be an accounting of the value of the beneficial use enjoyed by the relator and that he would be entitled to any excess of interest over this value. The court further said: "On an accounting, however, the city would not be entitled to deduct from the face of the judgment any excess of rents over interest, for the reason that no express contract to pay any sum as rent exists, and since the city has voluntarily permitted the use and occupation it ought not to be heard to demand a sum in excess of its own fixed interest obligation in the premises." The case was remanded with instructions to modify accordingly the judgment for interest.

We are in accord with this holding. Defendants should not be compelled by a separate action to assert their right to the value of any rents, profits, or the beneficial use of the premises possessed by the relator. These matters can be determined in the present suit, where the value of relator's use of the premises can be found, either with or without a jury trial. *Wilke v.*

*City of Chicago,* 212 Ill. App. 414; *People v. Czasze-wicz,* 295 Ill. 11.

We hold that the relator is entitled to the payment of the amount of its judgment; that it is also entitled to interest thereon, subject to a possible reduction by the value of the use the relator has made of the condemned property from the date of the final judgment to the date of the trial, and that evidence may be introduced as to this value.

For the error in sustaining objections to this evidence the mandamus order is reversed and the cause is remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded with directions.*

O'CONNOR, J., concurs.

MATCHETT, P. J., dissents: The decisions of the Supreme Court in *Turk v. City of Chicago,* 352 Ill. 171, and *Feldman v. City of Chicago,* 363 Ill. 247, were rendered after great consideration. The argument of the City is ingenious but does not convince me that we should depart therefrom.