(No. 36299)

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* BERTIL RAYMOND LARSON, Appellee.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

WILLIAM L. GUILD, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellant.

LARGE, RENO, ZAHM & FOLGATE, of Rockford, (RALPH S. ZAHM, and WESLEY E. LINDBERG, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal is taken directly to this court under the Eminent Domain Act. (Ill. Rev. Stat. 1959, chap. 47, par. 12.) The only question involved concerns that portion of the order of the trial court awarding interest to the defendant.

The Department of Public Works and Buildings filed a condemnation suit and deposited the sum of $42,062.50 under the "quick-taking" provisions of the Eminent Domain Act. (Ill. Rev. Stat. 1959, chap. 47, pars. 2.1-2.10.) On June 25, 1959, a verdict was returned fixing the value

of property taken and damages to property not taken at $38,000. By order entered the same date it was provided that defendant should have interest on all balances due him from the date of said order and that said balances should be paid to him only upon the further order of the court. On August 6, 1959, upon petition of defendant, $6,000 was paid to him out of the amount deposited. Thereafter, the Department of Public Works and Buildings took an appeal to this court, which appeal, on motion of appellant, was dismissed by order of this court entered January 11, 1960. Thereafter, defendant filed a petition to obtain the condemnation proceeds, and the trial court, after a hearing on the petition, found that there was due defendant the sum of $32,000, the unpaid balance of the award, together with interest thereon at the rate of 6% per annum from June 25, 1959, to the date of the order, making the total amount due defendant $34,065.96. The Department of Public Works and Buildings appeals from that part of the order awarding interest. No interest was allowed or requested in connection with the $6000 withdrawn by defendant on August 6, 1959, and no question is presented on appeal with respect thereto.

Section 2.6 of the Eminent Domain Act (Ill. Rev. Stat. 1959, chap. 47, par. 2.6) makes provision, in quick-taking cases, for payment of interest at 6% per annum under certain conditions. The section reads as follows:

"The petitioner shall pay, in addition to the just compensation finally adjudged in the proceeding, interest at the rate of six per cent (6%) per annum upon:

"(a) Any excess of the just compensation so finally adjudged, over the amount deposited by the petitioner in accordance with the provisions of Section 2.3(a) of this Act, from the date on which the parties interested in the property surrendered possession of the property in accordance with the order of taking, to the date of payment of such excess by the petitioner.

"(b) Any portion of the amount preliminarily found by the court to be just compensation and deposited by the petitioner, to which any interested party is entitled, if such interested party applied for authority to withdraw such portion in accordance with Section 2.4 of this Act, and upon objection by the petitioner (other than on grounds that an appeal under Section 2.2(b) of this Act is pending or contemplated), such authority was denied; interest to be paid to such party from the date of the petitioner's deposit to the date of payment to such party.

"When interest is allowable as provided in Subsection (a) of this Section, no further interest shall be allowed under the provisions of Section 3 of 'An Act to revise the law in relation to the rate of interest and to repeal certain acts therein named,' approved May 24, 1879, as amended, or any other law."

The conditions calling for the payment of 6% interest under section 2.6 are not present in this case. Since the amount of just compensation as finally adjudged did not exceed the amount deposited, paragraph (a) is inapplicable. Paragraph (b) is also inapplicable, since defendant did not apply for authority to withdraw any part of the deposit except the $6,000 which was paid him and concerning which there is no dispute. Therefore, no interest was payable under section 2.6 of the Eminent Domain Act. The question remains whether interest was properly allowable under some other statutory provision.

Since, under the facts of this case, no interest is allowable under subsection (a) of section 2.6 of the Eminent Domain Act, the prohibition in the last paragraph of that section against the allowance of interest under any other law is inapplicable. Section 2.6 by implication recognizes that in other cases interest may be allowed under section 3 of the statute relating to interest. Prior to the enactment of the quick-taking provisions, it had been held that a judgment in a condemnation case bore interest under section 3

of the Interest Act. (Ill. Rev. Stat. 1959, chap. 74, par. 3; see *Leitch* v. *New York Central Railroad Co.* 388 Ill. 236; *Phillips* v. *South Park Commissioners,* 119 Ill. 626, 645; *City of Chicago* v. *Palmer,* 93 Ill. 125, 126.) We do not read section 2.6 of the Eminent Domain Act as precluding the allowance of interest under section 3 of the Interest Act in this case. In enacting section 2.6, the legislature was doubtless motivated by a realization that previously existing provisions for interest were inadequate to the special conditions created by the quick-taking provisions of the law, and the section was enacted to meet these new conditions. The language of the section, however, clearly indicates that it was not intended to preclude interest under section 3 of the Interest Act in cases where it would otherwise be applicable. We conclude, therefore, that even though no interest was payable under section 2.6 of the Eminent Domain Act, interest was properly allowable under section 3 of the Interest Act.

The trial court allowed interest at the rate of 6% per annum from June 25, 1959. This is the rate prescribed in section 2.6 of the Eminent Domain Act, which is inapplicable here. The applicable rate of interest under section 3 of the Interest Act, and the rate at which interest should have been computed in this case, is 5% per annum. Therefore, the cause must be remanded to the trial court.

The judgment of the circuit court of Winnebago County is affirmed insofar as it found that defendant was entitled to the sum of $32,000 with interest thereon from June 25, 1959. Insofar as it computed the interest at the rate of 6%, rather than 5% per annum, the judgment is reversed, and the cause remanded, with directions to enter an order consistent with this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*