(No. 51310.-

THE DEPARTMENT OF CONSERVATION, Appellant, v. DAVID A. JONES *et al.,* Appellees.

*Opinion filed May 18, 1979.*

558

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Assistant Attorney General, and Frank M. Daly, Special Assistant Attorney General, of Waukegan, of counsel), for appellant.

Morrison & Nemanich, of Waukegan (Donald T. Morrison, of counsel), for appellees.

Burke, Weber & Egan, of Chicago (Thomas T. Burke, Edward J. Egan, and William E. Ryan, of counsel), for *amicus curiae* Joseph M. Johnson.

Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville (Stephen D. Helm, of counsel), for *amicus curiae* Forest Preserve District of Du Page County.

MR. JUSTICE MORAN delivered the opinion of the court:

One year after the Department of Conservation (Department) filed a petition to condemn 13.4 acres of defendants' improved property, a jury, on December 16, 1976, returned a verdict setting just compensation for the property at $275,000. Thirteen days later, the trial court entered judgment on the verdict and reserved judgment on the question of interest. The court also ordered that title to the property would vest in the Department upon payment, within 120 days, of the $275,000 plus $13 in

costs. On February 1, 1977, the Department deposited the sum of $275,013 with the county treasurer of Lake County. Pursuant to defendants' motion for amendment of the judgment order, the trial court, on February 8, 1977, entered an order that the Department pay the statutory interest of 6% from the date of the jury verdict to the date of the deposit of the award. The Department thereafter deposited the sum of $1,512.50 in interest.

On August 25, 1978, the Appellate Court for the Second District affirmed the trial court's judgment and held that the Department was properly required to pay statutory interest from the date of verdict to the date of deposit of the award. (63 Ill. App. 3d 402.) However, on August 18, 1978, the Appellate Court for the Fourth District had held, to the contrary, that interest on such condemnation awards accrues not from the date of the verdict but from the date the condemnor actually takes possession of the property. (*Department of Transportation v. Keller* (1978), 63 Ill. App. 3d 237.) No leave to appeal was sought from the decision of the Fourth District.

The issue, quite simply, is whether the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 1 *et seq.*) is applicable to eminent domain proceedings. In 1975, section 3 of the Interest Act provided:

> "Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. *When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment.* However, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 74, par. 3.)

If the Interest Act is applicable, the italicized portion of

the section clearly resolves that interest is to accrue from the date of the jury verdict. The portion following the italicized sentence, which portion we will discuss later, was added as a proviso, in 1955. (Ill. Ann. Stat., ch. 74, par. 3, Historical Note, at 48 (Smith-Hurd 1966).) With this limited exception, the section remained materially unchanged from its enactment in 1879 until 1975.

As early as 1897, this court concluded that section 3 of the Interest Act was applicable to condemnation judgments in eminent domain proceedings. *Epling v. Dickson* (1897), 170 Ill. 329, involved condemnation judgments for damage to property caused by the construction of a railroad. In reversing the trial court, which had refused to allow interest on the judgments, this court proclaimed:

"Section 3 of chapter 74 of the statute [citation] \*\*\* provides that judgments shall draw interest at the rate of six per cent per annum from the date until satisfied. *No exception is made in the statute where a judgment has been rendered as compensation for lands taken or damaged for public use, and in the absence of an exception the statute which controls judgments in other cases must control here.*" (Emphasis added.) (*Epling v. Dickson* (1897), 170 Ill. 329, 335.)

By 1938, this court regarded the right to statutory interest in an eminent domain proceeding to be well settled. *Blakeslee's Storage Warehouses v. City of Chicago* (1938), 369 Ill. 480, 484. Also, *Chapralis v. City of Chicago* (1945), 389 Ill. 269, 272.

Finally, in 1942, this court, confronted with the precise issue which we have before us in this cause, held that section 3 of the Interest Act required that interest in a condemnation proceeding be paid from the date of the jury verdict. In *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, the trial court had entered judgment

on a jury verdict of just compensation and had incorporated into the judgment statutory interest from the date of the verdict. On direct appeal, this court affirmed the trial court judgment and stated unequivocally:

> "The judgment in this case being a final one, and being authorized and entered under the Eminent Domain act of 1872[,] was it error to allow interest on the verdict and include it in the amount of the judgment? Section 3 of the Interest act expressly provides that a report, award or verdict shall bear interest until judgment is entered. Section 10 of the Eminent Domain act refers to the action of the jury in fixing compensation both as a report and as a verdict. It comes clearly within the terms of the statute, and we think it was mandatory upon the trial court to ascertain the interest accruing upon the verdict, and include it in the judgment." (*Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 138.)

In addition to its enforcement of the plain statutory meaning, the court observed:

> "The present statute on interest [section 3 of the Interest Act] has settled the question under consideration by requiring the judgment for compensation fixed under the Eminent Domain act of 1872 to include interest on the award, report, or verdict as a part thereof. The constitution provides that 'every person ought to obtain justice promptly and without delay,' and doubtless the legislature was actuated by this command to provide that the land owner should have interest on the value of land, as fixed by a jury, from the time the verdict was rendered, which obviously would prevent an unjust result in case the judgment on the verdict did not promptly

follow." *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 138-39.

The opinion in *Schmidt,* reinforced by decisons in *Chapralis v. City of Chicago* (1945), 389 Ill. 269, and *Department of Public Works & Buildings v. Larson* (1961), 22 Ill. 2d 425, was considered dispositive of the issue until it was controverted by appellate court *dictum* in *City of Chicago v. Albert Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074. (See F. Righeimer & F. Righeimer, Eminent Domain in Illinois sec. 5.10, at 150 (2d ed. 1972).) The court in *Schorsch* concluded that the Interest Act was not applicable to eminent domain proceedings because "the words 'judgment debtor' used in Section 3, limit the application of the statute to cases in which judgment is of a kind on which execution may issue." (*City of Chicago v. Albert Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 1079.) This conclusion, unsupported by reason or authority, refers to the proviso which, in 1955, was added to section 3, ostensibly to remedy the inequity of depriving an appealing party of interest which accrues during the pendency of the appeal. (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 522-24.) The term "judgment debtor" was merely a convenient and acceptable way to characterize the party against whom judgment was entered. There is no basis whatsoever to assume, as the court in *Schorsch* apparently did, that the legislature intended the radical result of rendering the Interest Act inapplicable to eminent domain proceedings.

Notwithstanding the *Schmidt* case and the explicit language of the Interest Act, the Department urges that interest in all condemnation cases should begin to accrue, as it does in "quick-take" condemnation proceedings, only when the condemnor takes possession of the property. The Department recognizes that this was not a "quick-take" proceeding and that the "quick-take" provisions of the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 2.2

*et seq.*) are inapplicable, but it fails to perceive why a proceeding other than "quick-take" should be treated differently.

The legislature first provided for "quick-take" condemnations in 1957. (Ill. Rev. Stat. 1957, ch. 47, par. 2.2 *et seq.*) Section 3 of the Interest Act, which, until that time, had been applicable to all condemnation proceedings, was ill suited to meet the special conditions endemic to "quick-take" condemnations. The distinguishing feature of "quick-take" condemnations is that, by providing for the immediate vesting of title to property, it gives the condemnor possession and use of the property *before* the final verdict ascertaining compensation and *before* judgment is entered on the compensation award. Section 3 of the Interest Act, which only provided for interest after the verdict or after the judgment, would not have entitled the owner in a "quick-take" proceeding to any interest from the time he actually lost possession and use of the property. Such a result would have conflicted with the long-established rule, founded in equity and in the constitutional dictate of "just compensation," which requires that compensation for property be paid before the condemnor takes possession and, if it is not fully paid, that interest be paid from that time. (*Department of Public Works & Buildings v. Exchange National Bank* (1975), 61 Ill. 2d 346, 349; *Leitch v. New York Central R.R. Co.* (1944), 388 Ill. 236, 246; *Phillips v. South Park Commissioners* (1887), 119 Ill. 626, 645.) Consequently, the legislature enacted a provision (applicable only to "quick-takes"), which insured that interest would accrue from the time possession was lost (Ill. Rev. Stat. 1957, ch. 47, par. 2.6). "In enacting section 2.6, the legislature was doubtless motivated by a realization that previously existing provisions for interest were inadequate to the special conditions created by the quick-taking provisions of the law, and the section was enacted to meet these new conditions. *The*

*language of the section, however, clearly indicates that it was not intended to preclude interest under section 3 of the Interest Act in cases where it would otherwise be applicable.*" (Emphasis added.) (*Department of Public Works & Buildings v. Larson* (1961), 22 Ill. 2d 425, 428.) Where the condemnor does not seek possession of the property until after compensation is finally determined and judgment is entered on the condemnation award, the concern which motivated the legislature to supplement the provisions of the Interest Act is nonexistent. Section 3 of the Interest Act, by providing for interest between the date of verdict and the eventual change in possession, fully guarantees that compensation is paid before the owner forfeits possession. In addition, it recognizes, as does the Uniform Eminent Domain Code, that the allowance of interest is a reasonable method for reimbursing the property owner for compensable losses he may sustain by reason of unavoidable delay between the date of the verdict and the actual receipt by him of just compensation to which he is entitled. 13 Uniform Laws Annotated, Uniform Eminent Domain Code sec. 1202, comment, at 132 (master ed. 1975). Also see 3 Nichols, Eminent Domain sec. 8.63 (rev. 3d ed. 1978).

For the reasons given, the judgment of the Appellate Court for the Second District is affirmed.

*Judgment affirmed.*