LAKE COUNTY FOREST PRESERVE DISTRICT, Plaintiff-Appellant and Cross-Appellee, *v.* VERNON HILLS DEVELOPMENT CORPORATION, Defendant-Appellee and Cross-Appellant.

Second District   No. 80-797

Opinion filed May 29, 1981.

Donald T. Morrison & Associates, P. C., of Waukegan, for appellant.

William G. Myers, of Rothschild, Barry & Myers, of Chicago, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Lake County Forest Preserve District (hereinafter District), instituted a condemnation proceeding concerning property belonging to the defendant, Vernon Hills Development Corporation (hereinafter Corporation). On December 1, 1978, the jury returned a verdict finding that just compensation should be paid to the defendant for the taking of the subject property in the amount of $450,000. On December 6, 1978, the trial court entered judgment on the verdict, and further provided that the District was to pay the above-mentioned sum to the Corporation within 90 days, plus the Corporation's "costs of $13, and interest pursuant to statute until the date of deposit with the Lake County Treasurer * * *." The District was to be vested with the fee simple title to the subject property upon filing a receipt for the deposit with the clerk of the court. The Corporation filed a motion for a new trial. That motion was apparently denied on January 26, 1979.[1] On February 13, 1979, the Corporation filed its notice of appeal.

In its opinion filed June 17, 1980, this court affirmed the judgment entered by the trial court on the jury verdict in the amount of $450,000. (*Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1980), 85 Ill. App. 3d 241.) The mandate was issued on August 29, 1980.

On July 30, 1980, the District deposited with the Lake County Treasurer the sum of $455,560.75. This sum represented the amount of the original judgment plus interest from the date of the verdict (December 1, 1978) to the date of the filing of the notice of appeal (February 13, 1979), plus the Corporation's costs of $13. On September 3, 1980, the Corporation filed an "Application for Withdrawal of Condemnation Award and Motion for an Order Directing Plaintiff to Pay Additional Interest." The Corporation stated in its motion that there was a deficiency in interest on the judgment, from the date of the judgment (December 1, 1978) to the date the deposit was made with the Lake County Treasurer (July 30, 1980), in the amount of $38,822.81. In its motion, the Corporation further

---

[1] The copy of the motion contained in the record on appeal bears no file date stamp. Further, there is no copy of the dispositional order in the record.

sought the entry of an order requiring the District to pay an additional $73.97 for each day after July 30, 1980, that the judgment with correct interest was not deposited with the Lake County treasurer.

On September 10, 1980, the trial court entered an order allowing the Corporation's application to withdraw the sum then on deposit with the Lake County treasurer ($455,560.75). The order further provided that receipt of the funds by the Corporation would not constitute satisfaction of the judgment and could be accepted without prejudice to any claims for interest. Further, the Corporation's request for additional interest accruing during the pendency of the former appeal in this case was allowed. Therefore, on September 12, 1980, the District deposited with the Lake County Treasurer the sum of $39,426.01 as interest due during the pendency of the former appeal in the case during the period February 13, 1979, to July 30, 1980. On October 1, 1980, the Corporation filed a motion for additional interest for the period from July 30, 1980, to September 10, 1980, when the additional deposit representing interest during the initial appeal was ordered to be made by the District. The Corporation's motion was denied on October 1, 1980. The trial court also ordered that the Corporation could withdraw the $39,426.01 deposited with the Lake County treasurer without any prejudice to any claim by it for interest or income subsequent to July 30, 1980. On October 9, 1980, the District filed its notice of appeal from the September 10, 1980, order of the trial court requiring it to pay interest on the award during the pendency of the appeal. The Corporation filed its notice of cross-appeal on October 30, 1980.

We initially consider the contention of the Corporation that the District has waived the interest issue because it did not appeal from the original judgment order. The District asserts that no waiver has occurred because the original judgment order of the trial court which was the subject of the first appeal in this case made no provision for interest throughout the pendency of the appeal by the Corporation.

It is generally the rule that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal, and that those issues not raised can be considered waived. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 413, *cert. denied* (1970), 400 U.S. 926, 27 L. Ed. 2d 186, 91 S. Ct. 188.) The judgment entered on the verdict provided in pertinent part:

"Upon payment by plaintiff within ninety (90) days to the Treasurer of Lake County of the sum of FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($450,000.00) DOLLARS, plus defendants' costs of $13.00, and interest pursuant to statute until the date of deposit with the Lake County Treasurer, and upon the filing by plaintiff with the Clerk of this Court of the receipt of

the County Treasurer for the deposit of such sum, without further order of this Court, the plaintiff shall thereupon be vested with the fee simple title to the following described real estate * * *."

It appears that this provision of the judgment contemplated payment or deposit within 90 days of the date of judgment, and that the reference to interest was made with respect to this period only. This conclusion is supported by the fact that it was not until September 10, 1980, following a motion by the Corporation, that the District was ordered to pay additional interest to the Corporation representing the interest which accrued during the pendency of the first appeal, and the District filed a timely appeal from that order. Therefore, we do not agree that the District waived the issue by failing to raise it in the former appeal.

The District contends on appeal that the Corporation is not entitled to interest for the period of the pendency of its unsuccessful appeal. The Corporation asserts that in the absence of an abandonment by the condemning body, a landowner is entitled to interest on the amount of a condemnation award from the date of the verdict until satisfied or until the date of full tender of the judgment plus costs and interest to the date of tender. The Corporation further asserts that this right to interest is not suspended during the pendency of an appeal from the award by the landowner.

Section 3 of the Interest Act (Ill. Rev. Stat., 1978 Supp., ch. 74, par. 3) provided:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment."

In *Department of Conservation v. Jones* (1979), 75 Ill. 2d 557, the Illinois Supreme Court held the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 1 *et seq.*) is applicable to eminent domain proceedings and has been so applicable since the 1897 case of *Epling v. Dickson* (1897), 170 Ill. 329, was decided. The *Jones* court further found that by virtue of section 3 of the Interest Act, interest is to accrue on a condemnation award from the date of the verdict, nor from the date that the condemnor actually takes

possession of the property. *Contra, Department of Transportation v. Keller* (1978), 63 Ill. App. 3d 237.

In support of its contention that interest did not accrue during the pendency of the appeal by the Corporation, the District relies heavily on two cases, *City of Chicago v. Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, and *County of Cook v. Malysa* (1968), 39 Ill. 2d 376. In *Schorsch*, the court held that the time allowed in the judgment order for payment of a condemnation award is stayed by an appeal and does not commence to run until the issuance of the mandate. The *Schorsch* court found that eminent domain proceedings are *sui generis* because a judgment in eminent domain proceedings does not impose a liability on the condemnor; rather, it merely establishes a value that the condemnor must pay in order to acquire title. (*Schorsch*, at 1078.) The holding in *Schorsch* that the judgment is stayed pending appeal, however, was based on the authority of *City of Winchester v. Ring* (1925), 315 Ill. 358, which decision predated by 30 years the 1955 amendment to the Interest Act which prescribes what a judgment debtor must do in order to stop the accrual of interest. In *Malysa*, the Illinois Supreme Court held that where a condemnation judgment is paid to the property owners, the payment acts as a waiver of any error in the proceedings and the right to appeal by the condemnor. The county there relied on *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, and *Richeson v. Ryan* (1852), 14 Ill. 74, in support of its argument that, as in other civil cases, the payment of a condemnation award does not waive the right to appeal. The Illinois Supreme Court in *Malysa* found that *Pinkstaff* and *Richeson* were inapplicable, because eminent domain judgments are distinct from ordinary money judgments, because the judgment does not impose a liability on the condemnor but merely establishes a value, and because the condemnor is under no compulsion to pay the award and no execution may issue upon the award. *Malysa*, at 379.

In *Jones*, cited above, the Illinois Supreme Court discredited the dictum in *Schorsch* wherein that court determined "that the words 'judgment debtor' used in Section 3 [of the Interest Act], limit the application of the statute to cases in which judgment is of a kind on which execution may issue." (*Schorsch*, at 1079.) The *Schorsch* court there was referring to the judgment debtor in the 1955 amendment to section 3 of the Interest Act. The *Pinkstaff* court determined that the purpose of this amendment was to remedy the inequity of depriving an appealing party of interest which accrued during the pendency of an appeal. The Illinois Supreme Court in *Jones* found that the term "judgment debtor" was "merely a convenient and acceptable way to characterize the party against whom judgment was entered," and as previously noted, went on to find the Interest Act applicable to eminent domain proceedings. (75 Ill. 2d 557,

563.) In *First National Bank & Trust Co. v. Aluminum Coil Anodizing Corp.* (1980), 86 Ill. App. 3d 842, 844, this court noted that "[a]fter *Pinkstaff*, a creditor can obtain interest regardless of which party appeals." We find the District's citation to *Malysa* is not supportive of its position because *Malysa* simply dealt with the issue of whether payment by a condemnor waives the right to appeal. The *Malysa* court did not discuss the applicability of the Interest Act or the accrual of interest on appeal in eminent domain proceedings.

■■ We conclude then, from a review of the foregoing cases, and most particularly *Department of Conservation v. Jones* (1979), 75 Ill. 2d 557, that section 3 of the Interest Act in its entirety is applicable to the instant case. Section 3 provides, by 1955 amendment, that the judgment debtor—in this case the District—may stop the accrual of interest on a judgment only by tender of payment of the judgment, costs and interest accrued to the date of tender. (Ill. Rev. Stat., 1978 Supp., ch. 74, par. 3.) In *Pinkstaff*, the Illinois Supreme Court found that as the result of that 1955 amendment, an appealing judgment creditor—in this case the Corporation—should be entitled to interest upon the judgment even though the creditor seeks, by appeal, to correct errors contained in the judgment. At the same time, the amendment affords the judgment debtor a means of terminating the accrual of interest pending determination of the judgment creditor's appeal. The means prescribed to stop the accrual of interest is optional, however, and requires affirmative action on the part of the judgment debtor. Therefore, we conclude that in the instant case the District is liable for the interest which accrued from the date of the verdict to the date of tender, including the period during which the Corporation's appeal was pending.

On cross-appeal, the Corporation asserts that since the deposit made by the District on July 30, 1980, failed to include all interest accrued to that date, the deposit did not operate as an effective tender, and that interest continued to accrue until September 10, 1980, when the District was ordered to deposit the additional $39,426.01.[2] The District contends that the Corporation is not entitled to the interest on the verdict which accrued after the July 30, 1980, deposit, because it could only properly tender the full amount of the compensation as affirmed on appeal because the issue of interest during the pendency of the appeal was a disputed one. In the alternative, the District contends that if the Corporation is entitled to such interest, the interest should be calculated only on the amount which was in controversy during the pendency of the appeal;

---

[2] The deposit was actually made on September 12, 1980, but the parties agreed that interest would cease to accrue as of September 10, 1980, if the District would make the deposit by September 12.

that is, 6% of $39,426.01 for the period July 30, 1980, to September 10, 1980, or a total of $272.16.

■■ We believe that *Pinkstaff* is on point. The court there quoted with approval *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 246, wherein it was stated,

> " 'A valid tender by the debtor must be "sufficient to cover all that the creditor then has a right to recover whether of debt, interest or costs. If he tender less, then the tender is not good, * * *". *Sweetland v. Tuthill*, 54 Ill. 215, 216.' " (31 Ill. 2d 518, 526.)

Therefore, we believe that because the District tendered less than the full amount which was then due (principal plus interest computed for the pendency of the appeal), the interest owing to the Corporation continued to accrue on the entire amount of the judgment until September 10, 1980, when the District was ordered to make the deposit of the interest which had accrued during the pendency of the appeal. September 10, 1980, was also the first date the Corporation could withdraw without prejudice the $455,560.75 which was previously deposited by the District on July 30, 1980.

For the foregoing reasons, the judgment of the circuit court of Lake County on appeal is affirmed; the judgment on the cross-appeal is reversed and remanded with directions to enter judgment consistent with this opinion.

Affirmed in part; reversed in part and remanded with directions.

SEIDENFELD, P. J., and LINDBERG, J., concur.