WAUKEGAN PORT DISTRICT, Plaintiff-Appellant, v. CHRISTINE KYRIT-SIS *et al.*, Defendants-Appellees.

Second District   No. 2—83—0998

Opinion filed November 9, 1984.

Kathleen R. Schwappach, of Donald T. Morrison & Associates, of Waukegan, for appellant.

Dennis P. Daly and Frank M. Daly, both of Daly & Daly, of Waukegan, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Waukegan Port District (Waukegan), appeals from an order of the circuit court of Lake County entered in this eminent domain proceeding. This order, entered after trial and after judgment had been entered, provided that defendants Christine Kyritsis *et al.* were entitled to interest based on the rate for United States treasury bills on the $100,000 awarded them as just compensation for Waukegan's taking of their property.

The issue raised on appeal concerns whether the trial court properly allowed interest on the award in excess of the 6% figure set forth by statute (Ill. Rev. Stat. 1981, ch. 17, par. 6403).

After a trial the jury awarded defendants just compensation in the amount of $100,000 and damages to the remainder in the amount of $35,000. On November 16, 1981, the trial court ordered that Waukegan deposit this amount plus "interest pursuant to statute" with the county treasurer. Waukegan appealed from the judgment, arguing certain evidence had been improperly allowed into evidence by the trial court.

After this court affirmed the trial court in the prior appeal, Waukegan deposited $147,776.90 with the Lake County treasurer's office. This amount included $17 in costs and $12,759.90 in interest, computed at 6% per annum from the date of judgment to the date of payment. No interest has been awarded for damages to the remainder.

Defendants then moved to withdraw the funds on deposit and for a hearing on their motion for interest in excess of 6% per annum on the $100,000 compensation award for the taking. Defendants' motion argued that the 6% figure was unreasonably low and that a proper rate of interest was that used for corporate bonds and treasury bills during the period in question. The common law record shows that the trial court ordered the deposited sum to be paid out to defendants and that Waukegan pay an additional $7,822.37 in unpaid interest based on the rate of interest paid on 30-day United States treasury bills.

Waukegan moved to have the trial court vacate or reconsider this order, but for some reason the motion was not ruled on prior to Waukegan's filing the notice of appeal. Waukegan argued that once the notice of appeal had been filed the trial court lost jurisdiction. The trial court agreed, and an appeal ensued. This court then remanded the cause to the trial court with directions that it consider Waukegan's motion. The trial court then denied Waukegan's petition to vacate or reconsider, and this appeal followed.

On appeal, Waukegan contends that the 6% per annum rate was the proper interest rate and is required by section 3 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money," which provides in pertinent part:

> "Judgments recovered before any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, ***." Ill. Rev. Stat. 1981, ch. 17, par. 6403.

The above-quoted statute, which will be referred to herein as section 3 of the Act, has been dealt with by the legislature a number of times. At one point it was found under the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 3) and was later transferred to banking and finance (Ill. Rev. Stat. 1981, ch. 17, par. 6403). Pub. Act 82—280, effective July 1, 1982, for the enactment of the Code of Civil Procedure, repealed section 3 of the Act. (Ill. Rev. Stat. 1981, ch. 110, par. 19b—101.) The Act was also amended by Pub. Act 83—707, effective September 13, 1983, so as to strike the word "before" and replace it with the word "in." The first two sentences of the Act have been unchanged since the Interest Act was enacted in 1879. (Ill. Ann. Stat. ch. 74, par. 3, Historical Note, at 48 (Smith-Hurd 1966).) The statute is presently part of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303) and is unchanged from the above-quoted provision.

In *Department of Conservation v. Jones* (1979), 75 Ill. 2d 557, 389 N.E.2d 1197, our supreme court considered the question of whether section 3 of the Interest Act was applicable to eminent domain proceedings. The court noted that as early as 1897, section 3 of the Interest Act was held to be applicable to condemnation judgments in eminent domain proceedings. (*Epling v. Dickson* (1897), 170 Ill. 329, 48 N.E. 1001.) It found that it should be held applicable, and distinguished a 1972 decision that held to the contrary. *City of Chicago v. Albert Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 1079, 287 N.E.2d 93, 96.

The court also described certain distinguishing features of "quick-take" condemnations and a provision of the Interest Act applicable to those situations. Section 2.6 of the Eminent Domain Act (Ill. Rev. Stat. 1957, ch. 47, par. 2.6) was intended, the court noted, to meet the new conditions created by the quick-take provisions of the law, so as to insure interest would accrue from the time when possession of the property was lost. (*Department of Conservation v. Jones* (1979),

75 Ill. 2d 557, 564, 389 N.E.2d 1197, 1200.) *Jones* clearly stated that, except for quick-take condemnations, section 3 of the Interest Act was applicable to eminent domain proceedings.

In the present case, the order entered allowing interest based on United States treasury bills rates stated that the court had considered both *Department of Conservation v. Jones* (1979), 75 Ill. 2d 557, 389 N.E.2d 1197, as well as *Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 439 N.E.2d 48, and found the 6% rate to be inadequate. As discussed above, the *Jones* case is supportive of Waukegan's position, and requires section 3 to apply to eminent domain judgments, except quick-take judgments. Defendants argue that *Rasmussen* stands for the proposition that the statutory 6% interest rate is a minimum only, and the proper rate is a question for the trier of fact. However, *Rasmussen* was a "quick-take" condemnation, unlike the condemnation case at bar.

In *Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 439 N.E.2d 48, the Department appealed from a judgment for damage to land not taken after a quick-take easement over part of defendant's property was granted for construction of a highway overpass. The Department claimed trial errors. The defendants cross-appealed from the judgment which awarded them interest at 6% per annum on the excess of final over preliminary just compensation, which they claim denied them fair compensation.

Defendants in *Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 439 N.E.2d 48, argued that the 6% paid them was grossly inadequate in light of the nation's prime rate having been at least twice that amount since the date of the taking. The court found the 6% figure to be inadequate, relying on recent Federal and out-of-State cases. One such case was *United States v. Blankinship* (9th Cir. 1976), 543 F.2d 1272, where the 6% interest set forth by Federal law (40 U.S.C. sec. 258a (1970)) was considered to operate "as a floor, but not a ceiling." A similar conclusion was reached in *Miller v. United States* (U.S. Ct. Cl. 1980), 620 F.2d 812. Both *Blankinship* and *Miller* involved a form of quick-take whereby title would pass upon the filing of a declaration. Further, in *Rasmussen* this court did not find section 2.6 of the Eminent Domain Act to be unconstitutional, as it determined it could be reasonably construed so as to preserve its constitutionality. After noting that the 6% figure was the statutory minimum, the court held that the proper rate of interest was "a question for the trier of fact (as is just compensation in general)." (*Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 629, 439 N.E.2d 48, 59.) The court did not, however,

hold that the statutory rate of 6% was subject to constitutional challenge as applied to the damages to the land not taken.

*Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 439 N.E.2d 48, held, for the first time in Illinois, that the statutory rate of 6% set forth in section 2.6 of the Eminent Domain statute was a statutory minimum only. (Ill. Rev. Stat. 1979, ch. 47, par. 2.6.) However, unlike the case at bar, *Rasmussen* involved a proceeding under the "quick-take" provisions of the Eminent Domain Act. Thus, the State could take possession of the property before paying the owners full compensation for the taking or damages to the remainder. Waukegan argues that the instant case does not involve a taking before judgment and title to the property did not vest until damages were paid. Thus, it urges, the rules applying to quick-takes cannot apply. We agree.

Under the rules for a "non-quick-take" condemnation, the condemnor is under no legal obligation to pay the judgment for damages unless it takes possession of the land. (*Leitch v. New York Central R.R. Co.* (1944), 388 Ill. 236, 242, 58 N.E.2d 16, 20.) The *Leitch* court noted that the money for the land becomes due upon taking possession and it is improper to have both the use of the land and the money at the same time. It further noted that condemnation suits may go on for years and even then may be abandoned by the condemnor. Even after litigation, the party instituting condemnation need not take the property unless it chooses to do so. *Chicago Housing Authority v. Lamar* (1961), 21 Ill. 2d 362, 172 N.E.2d 790.

Waukegan argues that, in the instant case, there was no taking of defendants' property until June 2, 1983, the date when the award was deposited with the county. At that time title vested in the condemnor. Waukegan urges that the only interest should be that which compensates the property owner for delay after judgment in payment of the award. That interest payment, it is urged, is not part of the just compensation but is provided for by statute at a mandatory rate of 6%.

On the other hand, defendants urge that although their property was encumbered at the time the petition was filed, they are only asking for interest (in excess of 6%) from the date of judgment. Defendants contend that fair and reasonable interest on a judgment is part of the constitutional requirement of just compensation.

The case law in Illinois has consistently held that the interest paid on a condemnation judgment (non-quick-take) is payable at the statutory rate. *People ex rel. Weiboldt Stores, Inc. v. City of Chicago* (1937), 289 Ill. App. 276, 278, 7 N.E.2d 82, *rev'd on other grounds* (1938), 368 Ill. 421, 14 N.E.2d 473; *University of Chicago v. City of*

*Chicago* (1930), 258 Ill. App. 189, 209; *Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1982), 92 Ill. 2d 72, 440 N.E.2d 848.

As discussed above, the recent case of *Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 439 N.E.2d 48, opened the door to the possibility of finding an interest rate, greater than 6%, on the basis of it being a part of just compensation. But the present case was not a quick-take proceeding. Therefore, the interest being awarded would be for a judgment entered prior to the actual taking of defendants' property. Thus, we do not believe that *Rasmussen* should be expanded to apply to non-quick-take proceedings. In the instant case, unlike *Rasmussen*, defendants apparently had the use of their land until the time Waukegan deposited the award with the county. Thus, despite the fact that title to the land was somewhat encumbered from the time of filing of the petition to condemn, defendants were entitled to the use of the property and any income that may have been earned therefrom. To allow them interest at the market rate would allow, in effect, more benefit or return to the condemnee than if the property had never been taken.

It has consistently been held that section 3 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6403) applies to condemnation judgments in eminent domain proceedings, except when the land is taken by the "quick-take" provisions of the Eminent Domain Act (Ill. Rev. Stat. 1977, ch. 47, pars. 2.1 through 2.10). (See *Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1982), 92 Ill. 2d 72, 77, 440 N.E.2d 848, 851, and cases collected therein.) Therefore, the trial court's granting of defendant's motion for interest in excess of 6% is inconsistent with precedent cases, and we must reverse the trial court on that point.

Waukegan also argues that defendants' motion for interest in excess of the 6% rate was not timely filed. It urges that defendants should have raised the issue by cross-appeal to Waukegan's initial appeal of this cause. However, because the interest was not computed until after that appeal and after Waukegan deposited the money, the motion was timely made.

While the policy behind charging a 6% rate is not an obvious one, the weight of authority in Illinois supports a continued application of that rate in eminent domain cases. We found the following language, from a discussion on the constitutionality of this provision, to be instructive:

> "The statute in the instant case imposes a lower rate of judgment interest on governmental bodies than on other entities.

The legislature may well have enacted the disparate interest rates in order to somewhat lessen the burden on the taxpayers who ultimately pay for judgments rendered against governmental entities. One may question whether the legislature struck a proper balance between the tax saving resulting from a lesser rate of judgment interest and the burden imposed on the individual judgment creditor who is obliged to collect less on his judgment simply because he was injured by a governmental entity, but such is not the court's task." *Harrington v. City of Chicago* (1983), 116 Ill. App. 3d 137, 139, 452 N.E.2d 26, 28.

For the reasons stated, the determination that an interest rate in excess of the statutory rate be awarded defendants is reversed, and this cause is remanded for application of the rate specified by statute. Ill. Rev. Stat. 1981, ch. 17, par. 6403.

Therefore, the circuit court of Lake County is reversed and this case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

SCHNAKE and REINHARD, JJ., concur.